692

[No. 31475-1-I.    Division One.    December 14, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v. DONALD FRANK GREEN, *Appellant*.

*Nielsen & Acosta*, for appellant.

*James H. Krider, Prosecuting Attorney*, and *Seth Aaron Fine, Deputy*, for respondent.

BECKER, J. — Donald Green appeals his conviction for vehicular homicide, assigning error to the lack of a unanimity instruction. The issue has not been preserved for review because a unanimity instruction would have made no difference in the jury's deliberations. Accordingly, we affirm.

Following an evening of drinking, Donald Green, Steven Seibert, and another companion were riding in Green's car on a city street in Everett. Which of them was driving the car was in dispute at the trial. While swerving around another vehicle at approximately 75 miles per hour, Green's car skidded out of control and rolled several times. Seibert was killed when he was partially ejected from the front passenger window. Each of the three men had a blood alcohol level over .10 percent.

The State, on the basis of evidence that Green was driving at the time of the accident, charged Green with vehicular homicide. RCW 46.61.520(1) provides:

> When the death of any person ensues within three years as a proximate result of injury proximately caused by the driving of any vehicle by any person, the driver is guilty of vehicular homicide if the driver was operating a motor vehicle:
>
> (a) While under the influence of intoxicating liquor or any drug, as defined by RCW 46.61.502; or
>
> (b) In a reckless manner; or
>
> (c) With disregard for the safety of others.

At trial, Green conceded that whoever was driving the car was drunk, reckless, and in disregard of the safety of others. Green's defense was that Seibert, not Green, was driving the car.

At the close of trial, the court adopted jury instructions proposed by the State. One instruction explicitly stated that the jury need not agree on any one of the alternatives set forth in RCW 46.61.520(1) in order to convict.

Green did not submit any instructions; nor did he take exception to the State's instructions. Green's attorney informed the court that he was "satisfied" with the instructions prepared by the State.

The jury found Green guilty. Green now asks this court to hold that the trial court, sua sponte, should have instructed the jury to achieve unanimity on one of the alternatives, and should have rejected the "need not agree" instruction proposed by the State. He contends his failure to object does not bar review because the absence of a unanimity instruction was a "manifest error affecting a constitutional right." RAP 2.5(a).

■ In *State v. Lynn*, 67 Wn. App. 339, 345, 835 P.2d 251 (1992), the court explained that the proper approach in analyzing an alleged manifest constitutional error involves four steps:

> First, the reviewing court must make a cursory determination as to whether the alleged error in fact suggests a constitutional issue. Second, the court must determine whether the alleged error is manifest. Essential to this determination is a plausible showing by the defendant that the asserted error had practical and identifiable consequences in the trial of the case. Third, if the court finds the alleged error to be manifest, then the court must address the merits of the constitutional issue. Finally, if the court determines that an error of constitutional import was committed, then, and only then, the court undertakes a harmless error analysis.

■ The alleged error in this case was not "manifest" because, under the second prong of the *Lynn* test, it did not have any "practical and identifiable" consequence at Green's trial. In order to conclude the absence of a unanimity instruction made a difference, one would have to suppose that the jury would have been unable to agree upon any one of the alternative means to support its verdict. But Green, faced with overwhelming evidence, conceded at trial that the driver's actions satisfied *all three means* of committing vehicular homicide; his only defense was that he was not the driver. Thus, a request

for a unanimity instruction would have been a "purely formalistic exercise." *Lynn*, 67 Wn. App. at 346. Because the alleged error did not manifestly affect a constitutional right, Green's failure to raise the issue in the trial court precludes review.

Affirmed.

WEBSTER and COX, JJ., concur.

After modification, further reconsideration denied February 12, 1996.